WENRICH and another, Appellants, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.

*December 11, 1923—January 15, 1924.*

*Workmen's compensation: Occupational diseases: Granite cutting:
Susceptibility to pulmonary tuberculosis: Evidence.*

1. Where the conditions under which the occupation of granite
   cutting must be carried on are such that the consequent filling
   of the lungs with granite dust necessarily makes one so em-
   ployed particularly susceptible to pulmonary tuberculosis, it
   is an "occupational disease" within the meaning of sec.
   2394—32, Stats., as amended by ch. 668 of the Laws of 1919.
   p. 381.
2. The evidence in this case is not such as to require a finding,
   as a matter of law, that the deceased employee was afflicted
   with tuberculosis prior to the taking effect of ch. 668 of the
   Laws of 1919 (providing for compensation for occupational
   diseases in addition to the provisions of sec. 2394—32, Stats.),
   even if such a finding would defeat the award—a point not
   here decided.  p. 381.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought to set aside an award by the
*Industrial Commission* of $4,373.81 to the guardian of the
widow of one Albert Flessert. The latter was an employee
since 1898 of appellant *Wenrich*, who was in the monument
business. The work of deceased was in the cutting of
granite, whereby he necessarily inhaled granite dust. He
had worked with practically no intermissions until Febru-
ary, 1921, when he went to a sanitarium for treatment for
active pulmonary tuberculosis and died there July 4, 1921.

By ch. 668, effective July 30, 1919, "occupational dis-
eases" were added to the provisions of sec. 2394—32, Stats.,
of the workmen's compensation law.

The family physician of deceased examined him in 1919
prior to such enactment and found that said Flessert had

the appearance then, and as noticed from casual observations during several years, of being an invalid and the condition then found to exist had been developing for some time. Flessert had asthma, a cough, difficulty in breathing, and was expectorating considerable mucus. A number of places in the lungs were found not to be normal. The doctor testified also that such symptoms then found are ordinarily present in tubercular cases, that the result of the then sputum examination was negative, but that such latter result might be found where tuberculosis was well developed.

Neither this physician nor any one else testified, however, that there was present tuberculosis in Flessert prior to July 30, 1919.

From an X-ray taken in the spring of 1920 physicians testified that there was disclosed a condition such as would result from a large deposit of granite dust in the lungs, and that such condition was the result of long application in the employment of granite cutting, and that such condition makes the lungs more susceptible to tubercular infection.

From the judgment of the circuit court affirming the award this appeal is taken.

For the appellants there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Edward J. Dempsey.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Warning* there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *Charles H. Williams.*

Eschweiler, J. Appellant contends that the evidence required a finding that Flessert, the deceased, was afflicted with tuberculosis, the disease causing his death, for some time prior to the passage of the law of July, 1919, so adding

occupational diseases to the other grounds for compensation, and that, Flessert being so afflicted at the time of such amendment, no award could properly be made.

We find, however, in the record no such evidence as requires, as matter of law, a finding that Flessert did have tuberculosis prior to July, 1919, even were such a finding necessary to defeat the award. Though Flessert's condition prior to July, 1919, was undoubtedly one especially inviting to the germs of tuberculosis, yet that disease, as such, was not present until shortly before February, 1921.

The evidence here clearly supports the conclusion reached by the *Commission* and the circuit court that the conditions under which the occupation of granite cutting is and must be carried on are such that the consequent filling of the lungs with granite dust necessarily makes one so employed much more, and particularly, susceptible to pulmonary tuberculosis. This brings it within the term "occupational disease" in the present statute.

*By the Court.*—Judgment affirmed.